UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSSETTS

IN RE:
ERIK D PETKUS
    Debtor

CHAPTER 7
CASE NO: 19-30234

HARVEST HILL ESTATES CONDOMINIUM ASSOCIATION, INC.
Movant

Vs.

ERIK D PETKUS
Debtor

Gary M. Weiner
Trustee

May 17, 2019

## MOTION FOR RELIEF FROM STAY

HARVEST HILL ESTATES CONDOMINIUM ASSOCIATION, INC. (Movant) hereby moves this Court for an order as follows:

    1. The above-captioned debtor filed a Petition for Relief pursuant to Chapter 7 of the United States Bankruptcy Code on or about March 27, 2019.

    2. This Court has jurisdiction over this matter pursuant to 11 U.S.C. 362(d), 28 U. S. C. Section 1334 and 28 U.S.C. Section 157(b)(2)(G).

    3. Pursuant to 11 U.S.C. Section 362, all parties are enjoined and stayed from commencing or continuing suit against the debtors.

    4. The debtor owns real property known as 820 Mathews St., Unit #05,, Bristol, CT. However he does not reside there.

5. Federal National Mortgage Association is the holder of a mortgage in favor of Mortgage Electronic Registration Systems, Inc and Webster Bank, N.A. recorded October 23, 2006 in Volume 1705 at Page 1019 of the Bristol Land Records, which mortgage was assigned to Federal National Mortgage Association by instrument recorded December 6, 2018 in Volume 2095 at Page 1249 of the Bristol Land Records, and on which there is presently a balance due of $85,944.93 per the debtor's schedules1.

6. Webster Bank N.A. is the holder of a mortgage recorded October 23, 2006 in Volume 1705 at Page 1037 of the Bristol Land Records and on which there is presently a balance due of $23,492.30 per the debtor's schedules.

7. The debtor's schedules list the subject property to be worth $84,776.00, thereby leaving the position of the mortgage alleged in paragraph 5 to be unsecured in the amount of $1,168.93 and the mortgage alleged in paragraph 6 to be fully unsecured.

8. Movant has an inchoate lien for common charges on the property which enjoys a priority over the mortgages alleged in Paragraphs 5 & 6 but which priority is statutorily limited to nine-months common charges2.

9. There is currently due and owing to the movant two months common charges (November & December 2018) at $205.00 per month for a total of $410.00;

---

1 Debtor lists mortgagee as "Mr. Cooper," apparently the loan servicer
2 Debtor neglects to list movant's debt on his Schedule D

four months common charges (January 2019-April 2019) at $225.00 per momth totaling $900.00;  six-months water main assessment (October 2018 – April 2019) at $45 per month totaling $270.00;  legal fees of $600.00 and title search fee of $225.00 for a grand total of $2,405.00, plus the fees and expenses of this motion.

10.  Further, the debtor has elected so surrender the property as indicated in his statement of intention in his bankruptcy schedules.

11.  The plaintiff represents that in the view of the above there is no equity in the subject premises to satisfy the claims of creditors and therefore no equity for the bankruptcy estate and movant wishes to proceed with its foreclosure action.

WHEREFORE, the plaintiff represents that good cause exists for granting of the plaintiff's motion for relief from stay for purposes of the plaintiff continuing with its foreclosure action.

PLAINTIFF,

By ___/s/ Eric C. Hard
Eric C. Hard
COHEN, BURNS, HARD & PAUL
81 South Main Street
West Hartford, CT 06107
ph  (860) 561-1036
fax (860) 247-2126
ehard@cbhplaw.com
Federal Bar No

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSSETTS

| | |
|---|---|
| IN RE:<br>ERIK D PETKUS<br>    Debtor | CHAPTER 7<br>CASE NO: 19-30234 |
| HARVEST HILL ESTATES CONDOMINIUM ASSOCIATION, INC.<br>Movant | |
| Vs. | |
| ERIK D PETKUS<br>Debtor | |
| Gary M. Weiner<br>Trustee | May 17, 2019 |

## ORDER GRANTING RELIEF FROM STAY

The Motion of Harvest Hill Estates Condominium Association, for relief from automatic stay, pursuant to 11 U.S.C. 362, having come before this Court, and a hearing on said motion having been held, and no objections raised, it is hereby:

ORDERED, ADJUDGED AND DECREED that the automatic stay of Section 362(a) of the Bankruptcy Court is modified as to Harvest Hill Estates Condominium Association, effective upon entry of this order pursuant to Rule 4001(a)(3), so that it may be permitted to continue with its legal rights and remedies with respects to 820 Mathew Street, Unit 05, Bristol, Connecticut, provided that no deficiency shall enter without further order of this court.

Dated at Hartford, Connecticut, this         day of            2019.

BY THE COURT

_____

United States Bankruptcy Judge